Index No. 17-cv-1424 (MKV)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR,

Plaintiff,

-against-

THE CITY OF NEW YORK (NEW YORK CITY DEPARTMENT OF SANITATION), AND NANCY A. REILLY,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-175*
*New York, New York 10007*

*Of Counsel:* Maria Fernanda DeCastro
*Tel:* (212) 356-2658

Matter No. 2017-024659

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ iii

PRELIMINARY STATEMENT ........ 1

LEGAL STANDARD ........ 2

ARGUMENT

POINT I

THE COURT SHOULD DISMISS THE TITLE VII CLAIMS AGAINST DEFENDANT REILLY ........ 3

POINT II

EVIDENCE RELATING TO PLAINTIFF'S BACK PAY AND FRONT PAY DAMAGES CLAIM SHOULD BE EXCLUDED ........ 4

A. The court should reserve for itself any determination of the issues of back pay, front pay, and other equitable damages, and bar the parties from presenting evidence or argument relating to those issues at trial. ........ 4

B. Plaintiff's request for back pay and front pay must be denied because he failed to properly mitigate his damages. ........ 5

C. Plaintiff should be precluded from pursuing a front pay award as such damages would be impermissibly speculative. ........ 10

POINT III

PLAINTIFF'S DAMAGES EXPERT MUST BE PRECLUDED ........ 11

POINT IV

PLAINTIFF SHOULD BE PRECLUDED FROM SEEKING EMOTIONAL DISTRESS DAMAGES ........ 15

**Page**

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION ........ 15

POINT VI

PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EXHIBIT TESTIFYING 10 AND FROM TESTIFYING IN DETAIL AS TO HIS MILITARY SERVICE ........ 16

POINT VII

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE IN SUPPORT OF ANY CLAIMS THAT HAVE BEEN DISMISSED ........ 18

POINT VIII

PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY ........ 19

CONCLUSION ........ 20

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Agence France Presse v. Morel*,
293 F.R.D. 682 (S.D.N.Y. Oct. 24, 2013) ....................14

*Alfano v. Nat'l Geographic Channel*,
No. 06 Civ. 3511 (NG) (JO),
2007 U.S. Dist. LEXIS 74674 (E.D.N.Y. Oct. 5, 2007) ....................12

*Anand v. New York State Dep't of Taxation & Finance*,
No. 10-5142, 2012 U.S. Dist. LEXIS 85744
(E.D.N.Y. June 18, 2012) ....................3

*Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen*,
08 Civ. 2937(KAM),
2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011) ....................3

*Berkovich v. Hicks*,
922 F.2d 1018 (2d Cir. 1991) ....................17

*Birkner v. New York University*,
82 Civ. 6876 (MEL),
1983 U.S. Dist. LEXIS 10503 (S.D.N.Y. Dec. 22, 1983) ....................9

*Broadnax v. City of New Haven*,
415 F.3d 265 (2d Cir. 2005) ....................4, 5, 14

*Castro v. City of New York*,
No. 06-CV-2253 (KAM) (RER),
2009 U.S. Dist. LEXIS 69723 (E.D.N.Y. Aug. 10, 2009) ....................13

*Consorti v. Armstrong World Industries, Inc.*,
72 F.3d 1003 (2d Cir. 1995) ....................19, 20

*Dailey v. Societe Generale*,
108 F.3d 451 (2d Cir. 1997) ....................5

*Design Strategy, Inc. v. Davis*,
469 F.3d 284 (2d Cir. 2006) ....................13

*Ebewo v. Martinez*,
309 F. Supp. 2d 600 (S.D.N.Y. 2004) ....................14

*Every v. Makita U.S.A., Inc.*,
2005 U.S. Dist. LEXIS 24881, No. 02 Civ. 8545 (GEL),
2005 WL 2757952 (S.D.N.Y. Oct. 24, 2005) ....................12

| **Cases** | **Pages** |
|---|---|


*Greenway v. The Buffalo Hilton Hotel*,
143 F.3d 47 (2d Cir. 1998)....5

*Hallett v. New York State Dep't of Correctional Services*,
109 F. Supp.2d 190 (S.D.N.Y. 2000)....3

*Hawkins v. 1115 Legal Serv. Care*,
163 F.3d 684 (2d Cir. 1998)....5

*Hernandez v. Kelly*,
2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27, 2011) ....16

*Hine v. Mineta*,
238 F. Supp. 2d 497 (E.D.N.Y. 2003) ....10

*Huddleston v. United States*,
485 U.S. 681 (1988)....17

*Jackson v. City of White Plains et al.*,
05 Civ. 0491, 2016 U.S. Dist. LEXIS 6469
(S.D.N.Y. Jan. 19, 2016)....2

*Lightfoot v. Union Carbide Corp.*,
110 F.3d 898 (2d Cir. 1997)....20

*Lombardo v. Stone*,
No. 99 Civ. 4603 (SAS),
2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. Jan. 29, 2002) ....17

*Luce v. United States*,
469 U.S. 38 (1984)....2

*Michelman v. Ricoh Americas Corp.*,
11 Civ. 3633 (MKB),
2013 U.S. Dist. LEXIS 25143 (E.D.N.Y. Feb. 22, 2013)....9

*Mileski v. Long Island R.R. Co.*,
499 F.2d 1169 (2d Cir. 1974)....19

*Murray v. Town of Stratford*,
2014 U.S. Dist. LEXIS 101358 (D. Conn. July 25, 2014)....15

*Othman v. Benson*,
2019 U.S. Dist. LEXIS 38594 (E.D.N.Y. Mar. 11, 2019) .... 15-16

**Cases** **Pages**

*Pal v. N.Y. Univ.*,
No. 06 Civ. 5892 (PAC)(FM),
2008 U.S. Dist. LEXIS 52620 (S.D.N.Y. July 10, 2008) ....12, 13

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996)....2

*Parrish v. Sollecito*,
280 F.Supp.2d 145 (S.D.N.Y. 2003)....4

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006)....12, 13

*Phillips v. City of New York*,
871 F. Supp. 2d 200 (E.D.N.Y. 2012) ....20

*Preuss v. Kolmar Labs., Inc.*,
970 F. Supp.2d at 175 ....14

*Reilly v. Cisneros*,
835 F. Supp. 96 (W.D.N.Y. 1993)....5

*Richmond v. General Nutrition Centers, Inc.*,
08 Civ. 3577 (PAE) (HBP),
2012 U.S. Dist. LEXIS 66471 (S.D.N.Y. May 11, 2012) ....8

*Rivera v. Baccarat, Inc.*,
34 F. Supp. 2d 870 (S.D.N.Y. 1999)....10

*Robinson v. Metro-North Commuter R.R.*
261 F.3d 147 (2d Cir. 2001)....14

*Robinson v. Metro-North Commuter R.R.*,
267 F.3d 147 (2d Cir. 2001)....4

*Ross v. Guy*,
2022 U.S. Dist. LEXIS 44714 (E.D.N.Y. Mar. 14, 2022)....16

*Schiller v. City of New York*,
Nos. 04 Civ. 7922 (RJS) (JCF), 04 Civ. 7921 (RJS) (JCF),
2008 U.S. Dist. LEXIS 79620 (S.D.N.Y. Oct. 9, 2008) ....12

*Scoma v. City of N.Y.*,
2021 U.S. Dist. LEXIS 85360 (E.D.N.Y. May 4, 2021) ....15, 16

**Cases** **Pages**

*SEC v. Drescher*,
2001 U.S. Dist. LEXIS 20730 (S.D.N.Y. Dec. 13, 2001) ....................18

*Shaw v. City of New York*,
No. 95 Civ. 9325 (AJP),
1997 U.S. Dist. LEXIS 4901 (S.D.N.Y. Apr. 15, 1997)....................17

*Simpson v. City of New York*,
12 Civ. 6577 (KBF),
2015 U.S. Dist. LEXIS 138723 (S.D.N.Y. Oct. 9, 2015) ....................2

*Skinner v. City of New York*,
15 Civ. 6126 (KAM)(JO),
2017 U.S. Dist. LEXIS 104650 (E.D.N.Y. Apr. 7, 2017) ....................2

*Softel, Inc. v. Dragon Med. & Scientific Communs., Inc.*,
118 F.3d 955 (2d Cir. 1997)....................13

*Spiegel v. Schulmann*,
604 F.3d 72 (2d Cir. 2010)....................3

*Stern v. Shammas*,
12-CV-5210 (NGG)(RER),
2015 U.S. Dist. LEXIS 97879 (E.D.N.Y. Jul. 27, 2015)....................20

*Tomka v. Seiler Corp.*,
66 F.3d 1295 (2d Cir. 1995)....................3

*United States v. Benedetto*,
571 F.2d 1246 (2d Cir. 1978)....................17

*United States v. Bermudez*,
529 F.3d 158 (2d Cir. 2008)....................3

*United States v. Brennan*,
798 F.2d 581 (2d Cir. 1986)....................17

*United States v. Margiotta*,
662 F.2d 131 (2d Cir. 1981)....................17

*Whittlesey v. Union Carbide Corp.*,
742 F.2d 724 (2d Cir. 1984)....................10

**Statutes**

42 U.S.C. § 1981 ....................18

**Statutes** **Pages**

42 U.S.C. § 2000e-5(g)(1) ....9

Fed. R. Civ. P. 26 ....7, 13, 14

Fed. R. Civ. P. 26(a) ....7, 12

Fed. R. Civ. P. 26(a)(1)(iii) ....6

Fed. R. Civ. P. 26(a)(1)(A) ....12

Fed. R. Civ. P. 26(a)(1)(B) ....6

Fed. R. Civ. P. 26(a)(2)(B) ....14

Fed. R. Civ. P. 26(e) ....6

Fed. R. Civ. P. 26(e)(1)(A) ....7

Fed. R. Civ. P. 34 ....6

Fed. R. Civ. P. 37 ....12

Fed. R. Civ. P. 37(c) ....15

Fed. R. Civ. P. 37(c)(1) ....7, 12

Fed. R. Civ. P. 39(a)(2) ....4

Fed. R. Evid. 104 ....2

Fed. R. Evid. 401 ....2

Fed. R. Evid. 402 ....2, 4, 5, 11, 14, 15, 16, 18

Fed. R. Evid. 403 ....3, 15, 17, 18

Fed. R. Evid. 404(b) ....17

**Other Authorities**

Wright & Graham, Federal Practice & Procedure: Evidence § 5240 ....17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STANLEY TAYLOR,

Plaintiff,

-against-

17-CV-1424 (MKV)

THE CITY OF NEW YORK (NEW YORK CITY DEPARTMENT OF SANITATION), AND NANCY A. REILLY,

Defendants.

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE***

## PRELIMINARY STATEMENT

Defendants the City of New York and Nancy Reilly (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion *in limine*. On March 31, 2023, the Court issued a detailed Decision and Order on Defendants' motion for summary judgment. See ECF No. 117. The remaining claim that is proceeding to trial is for Title VII race discrimination against Defendants. Id.

Trial is scheduled to commence before the Honorable Mary Kay Vyskocil, United States District Judge for the Southern District of New York, on September 6, 2023. Defendants respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief: (1) Plaintiff's Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Reilly should not proceed to trial; (2) evidence relating to Plaintiff's back pay and front pay damages claim should be excluded; (3) Plaintiff's damages expert must be precluded as Plaintiff failed to disclose an expert during discovery; (4) Plaintiff should be precluded from seeking emotional distress damages; (5) Plaintiff should be precluded from referring to Defense

Counsel as "city attorneys" and should be precluded from offering evidence of indemnification; (6) Plaintiff should be precluded from introducing Exhibit 10 and from testifying in detail as to his military service; (7) Plaintiff should be precluded from offering any evidence in support of any claims that have been dismissed, and; (8) Plaintiff should be precluded from requesting a specific dollar amount from the jury.

**LEGAL STANDARD**

The purpose of a motion *in limine* is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is introduced at trial. *Skinner v. City of New York*, 15 Civ. 6126 (KAM)(JO), 2017 U.S. Dist. LEXIS 104650, at *2 (E.D.N.Y. Apr. 7, 2017); *Simpson v. City of New York*, 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723, at *2 (S.D.N.Y. Oct. 9, 2015), citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Jackson v. City of White Plains et al.*, 05 Civ. 0491, 2016 U.S. Dist. LEXIS 6469 (S.D.N.Y. Jan. 19, 2016) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."), quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

A motion *in limine* calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence. *Skinner,* 2017 U.S. Dist. LEXIS 104650, at *3 (quotations omitted). *See also* FED. R. EVID. 104. Irrelevant evidence is not admissible. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. In addition to relevancy, admissibility turns on the probative value and prejudicial nature of the evidence in question. *Simpson*, 2015 U.S. Dist. LEXIS 138723, at *2. Evidence may be excluded if "its probative value is substantially

outweighed by a danger […] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Court has "discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (citation omitted). The Court's determination of what constitutes relevant—and thereby admissible—evidence should be "guided by the nature of the claims and defenses presented." *Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen*, 08 Civ. 2937(KAM), 2011 U.S. Dist. LEXIS 419, at *3-4 (E.D.N.Y. Jan. 4, 2011).

## ARGUMENT

## POINT I

## THE COURT SHOULD DISMISS THE TITLE VII CLAIMS AGAINST DEFENDANT REILLY

Besides the City of New York, Plaintiff named Nancy Reilly as a defendant. It is well settled that there is no individual liability under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) (holding that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *Anand v. New York State Dep't of Taxation & Finance*, No. 10-5142, 2012 U.S. Dist. LEXIS 85744, at *21-22 (E.D.N.Y. June 18, 2012); *Hallett v. New York State Dep't of Correctional Services*, 109 F. Supp.2d 190, 199-200 (S.D.N.Y. 2000). Accordingly, Plaintiff's Title VII claims against Defendant Reilly must be dismissed.

## POINT II

## EVIDENCE RELATING TO PLAINTIFF'S BACK PAY AND FRONT PAY DAMAGES CLAIM SHOULD BE EXCLUDED

Pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, Defendants submit that the Court should determine the appropriateness of an award of back pay, front pay, or other equitable relief in this case, rather than allowing such issues to be determined by a jury. Defendants further request, pursuant to Fed. R. Evid. 402, that the Court issue an order precluding the presentation of any evidence or argument at trial relating to the issue of equitable relief, including back pay and front pay.

Defendants also request an order barring or significantly limiting any awards of back pay and front pay because of Plaintiff's failure to mitigate his damages and the unduly speculative nature of any such awards.

### A. *The court should reserve for itself any determination of the issues of back pay, front pay, and other equitable damages, and bar the parties from presenting evidence or argument relating to those issues at trial.*

Under Title VII, lost wages awards such as back pay and front pay are equitable remedies that can be only be determined by the Court—and not the jury. *See Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (holding, in a Title VII case, that "[b]ecause a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not entitled to a jury determination on the question" (emphasis omitted)); *see also Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001) ("[b]ecause front pay and back pay have historically been recognized as equitable relief under Title VII, neither party was entitled to a jury trial"); *Parrish v. Sollecito*, 280 F.Supp.2d 145, 164 (S.D.N.Y. 2003). Furthermore, when a party objects to having a jury determine the existence or amount of any lost

wages award, then that issue should be decided by the Court, rather than by a jury. *See Broadnax*, 415 F.3d at 272.

Here, Defendants object to having a jury determine the existence or amount of back pay, front pay, or other equitable relief in this case, and request that any determination of these issues be made by this Court and not by the jury. Defendants also request, pursuant to Fed. R. Evid. 402, that the Court issue an order barring the presentation of any evidence or argument at trial relating to the questions of front pay, back pay, and other equitable damages.

**B. *Plaintiff's request for back pay and front pay must be denied because he failed to properly mitigate his damages.***

It is a well-settled principle that alleged "[v]ictims of employment discrimination are required to mitigate their damages." *Greenway v. The Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998); *see also Dailey v. Societe Generale*, 108 F.3d 451, 455 (2d Cir. 1997) ("prevailing plaintiff in a Title VII case must attempt to mitigate her damages by using 'reasonable diligence in finding other suitable employment.'") (citation omitted). To satisfy this duty, Plaintiff is required to exercise reasonable diligence in finding alternative employment. *See Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998). "While the burden is not onerous and does not require success, it does require that a plaintiff show an honest, good faith effort to obtain comparable employment. A plaintiff must demonstrate that he made and is making an effort that is reasonably calculated to find comparable work." *See Reilly v. Cisneros*, 835 F. Supp. 96, 100 (W.D.N.Y. 1993). While it is the employer's burden to show that a plaintiff failed to mitigate his damages, an employer "is released from the duty … if it can prove that the employee made no reasonable efforts to seek [comparable] employment." *Broadnax*, 415 F.3d at 268 (internal quotation marks omitted).

Here, Plaintiff has failed to show that he has mitigated his damages. Plaintiff has provided scant information regarding his mitigation efforts. At his deposition, which took place in 2020, Plaintiff testified that he applied for three civil service exams and worked part-time as a cab driver. Remarkably, Plaintiff testified that he did not sit for any further civil service exams for the position of sanitation worker.

Plaintiff has not provided any evidence that he made efforts that are reasonably calculated to find comparable work since not getting the sanitation position in 2015. In an eight-year period, plaintiff has mostly sat idle and has not reasonably pursued employment. Plaintiff could have and should have taken another civil service exam for the sanitation worker position, or should have sought work in any one of the fields in which he was trained and had previously worked. Plaintiff has provided no evidence that he took sufficient reasonable and logical steps. In short, the evidence establishes that the course of conduct followed by Plaintiff was so deficient that it showed he did not make a good faith effort to obtain comparable employment.

Additionally, Plaintiff's lost income damages should be precluded because of his failure to comply with Fed. R. Civ. P. 26(a)(1)(iii) and Fed. R. Civ. P. 26(e) and provide evidentiary materials to the defendants of his alleged economic damages. Rule 26(a)(1)(iii) provides in relevant part that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party <u>must</u>, without waiting a discovery request, provide to the other parties: a computation of each category of damages claims by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." (Emphasis added). Rule

26(e)(1)(A) obligates the disclosing party to supplement such information and requires that, "a party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, . . . – must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the others parties during the discovery process." (Emphasis added). Finally, Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information…the party is not allowed to use that information…at trial, unless the failure was substantially justified or is harmless."

To date Plaintiff has failed to identify a computation of damages, either through Fed. R. Civ. P. 26 disclosures, or through responses to Defendants' discovery demands. In November 2019, defendants served their document requests which included the following requests: "28. Produce all documents concerning the nature, basis, amount and manner of computation of all monetary, declaratory, and/or equitable relief plaintiff is seeking to recover in connection with each cause of action asserted against defendants in this litigation, including but not limited to any alleged damages for lost wages, lost employment benefits, lost promotional opportunities, compensatory damages, emotional damages and punitive damages; 30. Produce copies of plaintiff's federal and state income tax returns and all supporting documents for tax year 2014 through the present." Plaintiff never produced the requested documents.

On August 3, 2023, Defendants' counsel contacted Plaintiff's counsel and requested that, pursuant to Rule 26, he supplement his damages calculations and provide tax returns, W-2's and information indicating where Plaintiff has been working and for what periods of time, from 2015 to present. Plaintiff has indicated that he will be providing a Form 4506 for the release of his tax returns, and information related to his employment since 2015. However, if

Plaintiff does not immediately provide copies of his tax returns and W-2's reflecting the income he has earned from 2015 to the present, and information indicating where Plaintiff has been working and for what periods of time from 2015 to present, Defendants request that the Court preclude Plaintiff from seeking any economic damages.

In *Richmond v. General Nutrition Centers, Inc.*, 08 Civ. 3577 (PAE) (HBP), 2012 U.S. Dist. LEXIS 66471 at *28 (S.D.N.Y. May 11, 2012), Judge Engelmayer, presented with a similar motion *in limine*, precluded "plaintiffs from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery." In that case, defendants had filed motions *in limine* seeking to preclude plaintiffs from presenting damages evidence in light of plaintiff's non-compliance with automatic disclosure requirements and discovery requests relating to damages. Defendants followed up with an additional motion *in limine* because the limited damages information plaintiffs had produced during discovery presented "an incomplete picture of plaintiffs' damages, and had prevented defendants from meaningfully developing proof that plaintiffs had failed to mitigate their back pay damages." *Id.*, at * 5. In ruling on the motions *in limine*, Judge Engelmayer held that the plaintiffs were precluded from seeking back pay for the subject period because they not only had failed to produce tax returns during discovery, but also failed to provide tax documents the Court had ordered produced in response to defendants' initial round of motions in limine:

> Defendants argue that plaintiffs should be precluded from proving the remaining back pay damages for Richmond and Hattimore, i.e., for 2006 and 2007, because: (1) as to Hattimore, plaintiffs simply failed to comply with the Court's April 12 Order requiring the production of Hattimore's tax returns, and those returns were not produced within the discovery period; and (2) as to Richmond, plaintiffs have still failed to produce all relevant schedules to Richmond's tax returns for those years, and the evidence that has now been produced demonstrates that plaintiffs' failure to produce this evidence during discovery prejudiced defendants' ability to

> develop a defense of failure to mitigate.. . . [T]the Court agrees with defendants that plaintiffs Richmond and Hattimore should be precluded from pursuing back pay for the years 2006 and 2007.

Id., at *8-9.

The Court discussed at length plaintiff's affirmative obligation to provide evidentiary materials of damages as well as the obligation to supplement. See generally, id. at *7–27.

Similarly, here, Plaintiff had an ongoing and continuing affirmative obligation to detail his damages and provide the supporting materials to substantiate his claims of damages. Plaintiff's failure to supplement and update information regarding his earned income also prejudices Defendants' right to present evidence in support of their affirmative defense regarding Plaintiff's duty to mitigate.

Title VII provides that "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e-5(g)(1). Documents regarding post-termination income, including tax returns are routinely produced in discrimination cases on the topic of mitigation. *See, e.g., Michelman v. Ricoh Americas Corp.*, 11 Civ. 3633 (MKB), 2013 U.S. Dist. LEXIS 25143 at * 7 (E.D.N.Y. Feb. 22, 2013) (directing plaintiff to produce copies of tax returns and accompanying schedules, noting that "[p]laintiff's tax returns are relevant to her claim for backpay and to mitigation of damages"); *Birkner v. New York University*, 82 Civ. 6876 (MEL), 1983 U.S. Dist. LEXIS 10503 at * 9 (S.D.N.Y. Dec. 22, 1983) ("defendant has a right to discover the extent plaintiff's damages may have been reduced during the relevant period . . . and to that end may request the production of plaintiff's income tax returns, since plaintiff, himself, has tendered an issue as to the amount of his income").

In sum, Plaintiff's claim for economic damages should be precluded unless Plaintiff immediately provides supporting documentation that reveals any income he earned since September 2015.

### C. *Plaintiff should be precluded from pursuing a front pay award as such damages would be impermissibly speculative.*

Front pay should only be awarded "where the fact finder can reasonably predict that the plaintiff has no reasonable prospect of obtaining comparable alternative employment." *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir. 1984) (emphasis added). Furthermore, a claim for front pay damages should be denied when the calculation method is impermissibly speculative and not based on objective evidence. *See id.*; *see also Hine v. Mineta*, 238 F. Supp. 2d 497, 501 (E.D.N.Y. 2003) ("[F]ront pay should not be awarded where the calculation method is unduly speculative"); *Rivera v. Baccarat, Inc.*, 34 F. Supp. 2d 870, 878 (S.D.N.Y. 1999) (same).

Plaintiff has not provided any expert testimony or other admissible evidence upon which it could be determined that he has no reasonable prospect of obtaining comparable employment in the future. Plaintiff has work experience as both a juvenile counselor and cab driver, has specialized training in working in a medical lab, has a commercial driver's license, and he holds a bachelor's degree in business administration. Given this, the fact that Plaintiff has only held one or two positions, one being part-time, in the last eight years, suggests that his employment status may be a matter of personal preference or lack of diligence in seeking alternate employment. Whatever the case may be, the fact that he has not been able to find and hold on to a job is not evidence that he has "no reasonable prospect of obtaining comparable alternative employment." *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir. 1984).

Furthermore, since Plaintiff did not identify an expert during discovery, Plaintiff's own testimony regarding his front pay does not and cannot reasonably predict Plaintiff's employment prospects taking into account his background and age. There are simply too many variables, the probabilities of which would have to be speculated upon by Plaintiff, including whether Plaintiff would have voluntarily left the job at sanitation at some point during the last eight years for personal reasons, whether Plaintiff would be able to find a comparable position at some point in the near future, and whether Plaintiff's earnings would have increased or decreased over the past eight years. Accordingly, the Court should reject Plaintiff's request for front pay.

For the foregoing reasons, Defendants respectfully request that the Court determine the appropriateness of an award of back pay, front pay, or other equitable relief in this case, rather than allowing such issues to be determined by a jury. Additionally, pursuant to Fed. R. Evid. 402, the Court should preclude the presentation of any evidence or argument at trial relating to the issue of equitable relief, including back pay and front pay.

## POINT III

## PLAINTIFF'S DAMAGES EXPERT MUST BE PRECLUDED

Defendants move to preclude Plaintiff's purported damages expert.[1] Plaintiff never identified any individual who would provide expert testimony at trial. The first time that Plaintiff revealed that he intended to rely on a damages expert was on July 28, 2023 when he provided Defendants with his portion of the proposed JPTO. This unacceptably belated notice warrants preclusion.

[1] Plaintiff has failed to identify his expert by name in the Joint Pre-Trial Order ("JPTO").

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure ("FRCP") requires a party to disclose the names of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A); *see also Schiller v. City of New York*, Nos. 04 Civ. 7922 (RJS) (JCF), 04 Civ. 7921 (RJS) (JCF), 2008 U.S. Dist. LEXIS 79620, at *10-*12 (S.D.N.Y. Oct. 9, 2008); *Pal v. N.Y. Univ.*, No. 06 Civ. 5892 (PAC)(FM), 2008 U.S. Dist. LEXIS 52620, at *6-*9 (S.D.N.Y. July 10, 2008). In addition, a party is "under an affirmative duty to supplement incomplete or incorrect disclosures," and the failure to do so "precludes a party from using the withheld information as evidence at trial." *See Alfano v. Nat'l Geographic Channel*, No. 06 Civ. 3511 (NG) (JO), 2007 U.S. Dist. LEXIS 74674, at *3 (E.D.N.Y. Oct. 5, 2007)(precluding the testimony of a witness who was not identified in the plaintiff's Rule 26(a) disclosures).

Under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Patterson v. Balsamico*, 440 F.3d 104, 117-118 (2d Cir. 2006)(affirming the lower court's preclusion of a belatedly-identified witness despite the fact that the individual was a named defendant in the prior proceeding); *Schiller*, 2008 U.S. Dist. LEXIS 79620, at *10-*12 (precluding the testimony of witnesses at trial); *Pal*, 2008 U.S. Dist. LEXIS 52620, at *6-*9 (same); *see also Every v. Makita U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 24881, No. 02 Civ. 8545 (GEL), 2005 WL 2757952, at *5-7 (S.D.N.Y. Oct. 24, 2005)(striking expert affidavit under Rule 37 for failure to identify the expert in Rule 26(a)disclosure).

Further, the Second Circuit has recognized a Court's discretion to preclude non-disclosed witnesses or evidence if "the trial court finds that there is no substantial justification and failure to disclose is not harmless." *See Pal*, 2008 U.S. Dist. LEXIS 52620, at *8-*9 (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)). In deciding whether to exercise its discretion to preclude evidence or testimony, a court should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d 104, 117 (quoting *Softel, Inc. v. Dragon Med. & Scientific Communs., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997))(alterations in original). As to the prejudice factor, it is *Plaintiff's* burden to demonstrate *lack of prejudice*, not *Defendants*' burden to demonstrate that they are prejudiced. *See Castro v. City of New York*, No. 06-CV-2253 (KAM) (RER), 2009 U.S. Dist. LEXIS 69723, at *16 (E.D.N.Y. Aug. 10, 2009).

Here, Plaintiff failed to disclose that he would be relying on an expert to support his claim until July 28, 2023, long after discovery had closed, and *after* the motion for summary judgment had been decided. Effectively, the unnamed expert was identified as a possible witness on the eve of trial through Plaintiff's portion of the proposed Joint Pre-Trial Order. This failure by Plaintiff was not harmless. Defendants are not only unaware of the name of Plaintiff's purported damages expert, the subject matter of Plaintiff's expert's trial testimony is also unknown. Parties rely upon Rule 26 disclosures in order to assess the possibility of an individual being called to trial and determine whether a deposition or other discovery is necessary. Defendants were denied the opportunity to assess whether a deposition or other discovery would be necessary from Plaintiff's

purported damages expert. Defendants are now left to speculate what evidence Plaintiff seeks to elicit through his expert.

Additionally, Rule 26(a)(2)(B) provides that a party seeking to employ an expert witness in his case "shall disclose to other parties the identities of any person who may be used at trial to present" expert testimony of conclusions and that "expert disclosures shall include 'a complete statement of all opinions to be expressed and the basis and reasons ….'" Fed. R. Civ. P. 26(a)(2)(B). Plaintiff has failed to provide the mandatory expert disclosures required by Rule 26. Absent a report of findings, conclusions, and their bases as required by Rule 26, Defendants have had no opportunity to meaningfully evaluate, and to challenge, the conclusions Plaintiff's purported expert may offer at trial. Allowing Plaintiff to the testimony of his purported damages expert would result in impermissibly sandbagging Defendants, and allowing the use this of this expert at this late date would clearly result in prejudice to Defendants, as they have been denied the opportunity to examine and rebut the proposed experts findings. *See Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004); *see also Agence France Presse v. Morel*, 293 F.R.D. 682, 683 (S.D.N.Y. Oct. 24, 2013)(citing *Ebewo*), *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp.2d at 175.

Furthermore, as argued *supra* Point II, it is not appropriate for the jury to hear any testimony from an economics expert as a "lost wages award - whether in the form of back pay or front pay is an equitable remedy," and "a party is generally not entitled to a jury determination on the question." *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (citing *Robinson v. Metro-North Commuter R.R.* 261 F.3d 147, 157 (2d Cir. 2001)). Thus, Plaintiff is not entitled to a jury determination on the amount of lost wages to be awarded, if any, rendering any testimony by an economics expert not relevant, under Fed. R. Evid. 402.

Accordingly, pursuant to Rule 37(c) of the FRCP and Fed. R. Evid. 402, Plaintiff's economic expert must be precluded from testifying at trial.

## POINT IV

## PLAINTIFF SHOULD BE PRECLUDED FROM SEEKING EMOTIONAL DISTRESS DAMAGES

In the JPTO, Plaintiff purports to seek damages for emotional distress. Plaintiff should not be permitted to present any argument or evidence in support thereof, because Plahintiff did not request an award of emotional distress in his Complaint or Amended Complaint. *See* Dkt Nos. 2, 25; *see also Murray v. Town of Stratford*, 2014 U.S. Dist. LEXIS 101358, *26 (D. Conn. July 25, 2014) (precluding plaintiff from seeking emotional distress damages as such damages were not asserted in the pleadings). Accordingly, Plaintiff should not be permitted to testify or present evidence concerning emotional distress damages.

## POINT V

## PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION

Pursuant to Fed. R. Evid. 402 and 403, if the Title VII claim against Defendantt Reilly proceeds to trial, Plaintiff should be precluded from introducing or otherwise referring to the possibility that the City of New York will indemnify Defendant Reilly. Indemnification has no bearing on the facts of Plaintiff's claims or damages, and would only serve to unfairly prejudice Defendants. As numerous courts in this district have found, evidence of indemnification would prejudice Defendants because it may "'encourage a jury to inflate its damages award because it knows the government -- not the individual defendants -- is footing the bill.'" *Scoma v. City of N.Y.*, 2021 U.S. Dist. LEXIS 85360, at *46 (E.D.N.Y. May 4, 2021) (quoting *Othman v. Benson*,

2019 U.S. Dist. LEXIS 38594 (E.D.N.Y. Mar. 11, 2019)) (internal quotations omitted); *Hernandez v. Kelly*, 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011).

Similarly, the Court should not permit Plaintiff to refer to defense counsel as "City Attorneys" or "Corporation Counsel," or otherwise refer to defense counsel as being employed by the City of New York. Permitting such reference may "unnecessarily confuse the jury or lead the jury to believe that [Defendants] may be indemnified by the City." Scoma, 2021 U.S. Dist. LEXIS 85360, at *47 (E.D.N.Y. May 4, 2021). See also Ross v. Guy, 2022 U.S. Dist. LEXIS 44714, at *18 (E.D.N.Y. Mar. 14, 2022).

Accordingly, Defendants respectfully request the Court order Plaintiff to refer to Defense Counsel as precisely that, "defense counsel."

**POINT VI**

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EXHIBIT TESTIFYING 10 AND FROM TESTIFYING IN DETAIL AS TO HIS MILITARY SERVICE**

Plaintiff's proposed Exhibits 10 purports to be a DSNY request to withdraw veterans credits which Plaintiff has testified he was asked to fill out on September 24, 2015. Exhibit 10 should be excluded because it is not relevant to any issue in this lawsuit. First, it is undisputed that Plaintiff's veterans credits were never actually withdrawn. Second, there is no evidence linking any purported request to withdraw the veterans credits to race discrimination. Given this, Exhibit 10 is irrelevant to Plaintiff's remaining race discrimination claim and should be precluded under Fed. R. Evid. 402.

Additionally, since Plaintiff is attempting to admit Exhibit 10, it appears that that Plaintiff intends to testify about his military service. Plaintiff should be precluded from going into detail about his service and any awards or commendations that he might have received. Such

testimony would be a direct conflict with Federal Rule of Evidence 404(b) as it would only serve to inflame the jury and would clearly be prejudicial.

As the Supreme Court held in *Huddleston v. United States*, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Rule 404(b) "requires a two-part analysis: First, whether the proposed evidence fits within one of the 'exceptions' provided by the Rule, and second, even if it does, whether under Rule 403, the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice." *Shaw v. City of New York*, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901, at *16-19 (S.D.N.Y. Apr. 15, 1997); *see e.g.*, Advisory Committee Notes to Fed. R. Evid. 404(b); *Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *10-12, 15-16 (S.D.N.Y. Jan. 29, 2002); *United States v. Benedetto*, 571 F.2d 1246, 1248 (2d Cir. 1978); *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986); *United States v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991); Wright & Graham, *Federal Practice & Procedure: Evidence § 5240* at 472 ("even if the evidence falls within one of the traditional exceptions [in Rule 404(b)], the trial judge may still exclude it on the discretionary grounds listed in Rule 403").

In this case, any detail offered by Plaintiff into his military service and any awards or commendations he received as a result would clearly have a prejudicial effect that outweighs its probative value. In order to make out his claims, Plaintiff does not have to demonstrate that he was a member of the military. Allowing Plaintiff to go into detail about his military service would only serve to inflame the jury.

Further, character evidence in civil cases is inadmissible unless it falls within one of the stated exceptions. *SEC v. Drescher*, 2001 U.S. Dist. LEXIS 20730 at *4, (S.D.N.Y. Dec. 13, 2001).

Accordingly, Defendants respectfully request that this Court limit the detail with which Plaintiff can testify about his service in the U.S. Military, and exclude Exhibit 10.

**POINT VII**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE IN SUPPORT OF ANY CLAIMS THAT HAVE BEEN DISMISSED**

Pursuant to Fed. R. Evid. 402 and 403, Plaintiff should not be allowed to present evidence or otherwise refer to claims that have been dismissed from this lawsuit.

By Order dated August 20, 2019, the Court dismissed Plaintiff's Age Discrimination in Employment Act claims, and his Title VII retaliation claim. *See* Memorandum & Order, dated August 20, 2019; Doc 42. Accordingly, Plaintiff should be precluded from offering any evidence in support of these claim, including but not limited to evidence or testimony that defendants treated plaintiff differently—or any other employee—because of age, or retaliated against him because of his age or race.

Additionally, by Order dated March 31, 2023, the Court granted Defendants' motions for summary judgment as to Plaintiff's Sections 1981 claims, and found that Plaintiff failed to establish a *prima facie* claim of discrimination under a disparate treatment theory of liability.[2] *See* Memorandum & Order, March 31, 2023; Doc 117. As such, Plaintiff should be

[2] In its summary judgment decision, the Court found that Plaintiff's allegation that two white candidates who did not complete the Comprehensive Personnel Document ("CPD") were still appointed to the position of Sanitation Worker did not support a *prima facie* case of race

precluded from offering any evidence in support of these claims, including but not limited to evidence or testimony that two unidentified white individuals who did not complete the CPD were still appointed to the position of Sanitation Worker, or that defendants treated Plaintiff differently than other white employees.

**POINT VIII**

**PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY**

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. *Id.; see also Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel …"). The Court in *Consorti* went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

*Consorti*, 72 F.3d at 1016. While there is no per se rule precluding any mention of a dollar amount, the Second Circuit has left the issue "to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary

discrimination because there was "no basis to infer that these white candidates were similarly situated to Taylor but were treated more favorably than Taylor." See Dkt. 117 at 9.

jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Notwithstanding the discretion afforded, Judges in this Circuit have recently relied on *Consorti* to preclude plaintiffs from requesting specific dollar amounts to the jury. *See Stern v. Shammas*, 12-CV-5210 (NGG)(RER), 2015 U.S. Dist. LEXIS 97879, at *43-44 (E.D.N.Y. Jul. 27, 2015); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 208 (E.D.N.Y. 2012).

As such, Plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, during the testimony of any witness, and/or during summation.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court grant their motions *in limine*, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 7, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-175
New York, New York 10007-2601
(212) 356-2658

By: /s/ Maria Fernanda DeCastro
Maria Fernanda DeCastro
Senior Counsel