UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

STANLEY TAYLOR,

Plaintiff,

17 Civ. 1424 (MKV)(SDA)

-against-

CITY OF NEW YORK (DEPARTMENT OF SANITATION), NANCY A. REILLY,

Defendants.

---------------------------------------------------------------------- X

**PLAINTIFF'S MEMORANDUM OF LAW ADDRESSED TO *IN LIMINE* MOTION**

## INTRODUCTION

This Memorandum of Law is submitted in response to Defendants' Memorandum of Law in Response to Eight *In Limine* Motions.

## ARGUMENT

### POINT I

### THE REILLY TITLE VII CLAIM HAS NO EVIDENTIARY IMPACT

From the outset (Docket No. 2) through his Amended Complaints (Docket Nos. 25-36), Plaintiff included a claim against Nancy Reilly under Title VII.

On August 20, 2019 (Docket No. 42), this Court issued an Opinion and Order denying Defendant Reilly's Motion to Dismiss the Title VII claim, and also left the state law claims under the New York City and New York State Human Rights Laws. Defendant Reilly's Memorandum

of Law in support of her Motion to Dismiss did not raise any individual liability issue under Title VII. (See Docket No. 27), nor did its Summary Judgment Motion.

Whether or not the Title VII claim against Reilly is viable or whether the issue was waived has no impact on any evidentiary questions since she has claims against her under, the New York City Human Rights Law and the New York State Human Rights Law, and it is far too late in the process to ask the Court not to allow those in under its supplemental jurisdiction; note, as well, that they remain in the case against the City.

## POINT II

## THE PARTIES HAVE AGREED THAT BACK PAY AND FRONT PAY ISSUES SHOULD BE DECIDED BY THE COURT

In the Pre-Trial Order, both parties agreed that back pay and potential front pay issues should be decided by the Court if liability is found on the part of either defendant.

Determining back pay would require testimony and records showing how the union contract would have applied to Plaintiff, how much the average employee works in overtime, and whether Plaintiff's mitigation efforts were sufficient. The trial on these issues would be longer than the trial about liability and could require dueling experts. Since there is decisional law addressing these as equitable issues outside a jury's purview, such a bifurcation would not run afoul of the law.

Defendants' argument about failure to properly mitigate and failure to properly affix a computation of damages under FRCP 26 is baseless. Plaintiff was *pro se* from February 23, 2017 until November 6, 2020, when he obtained counsel who asked for a limited reopening of discovery after the initial filing of a summary judgment motion. From that date until the Summary Judgment Motion on December 22, 2021 (Docket No. 103), Defendants did not renew

any discovery request, complain about the lack of Rule 26 calculations, or make any discovery motions. In a Joint Letter on Discovery (Docket No. 96), the City's counsel (who drafted the letter) did not complain about any discovery being outstanding. To now say that any economic damage claim is barred because Plaintiff did not comply with Federal Rule Rule 26 bears little relationship to the record.

It is noteworthy that, purportedly in line with Rule 26, the City's newest attorney made a request for tax returns, employment information and the like on August 3, 2023, four days before this motion was filed. Plaintiff was in Ghana. Nevertheless, we supplied the appropriate releases and federal forms requested by the City.

The case, given that most of the discovery, including Plaintiff's deposition, was done while Plaintiff was *pro se*, and no discovery motions were made, bears no relationship to *Richmond v. General Nutrition Centers*, 817 F.Supp.2d 66 (Sept 14, 2011), where Judge Englemayer issued a discovery order which was ignored.

With regard to front pay, if it is sought (as opposed to reinstatement), a decision would be no more speculative than any back pay award. The front pay would be addressed to Plaintiff's potential earnings as a sanitation worker, whose future earnings are calculable because they will be governed by a union contract, with benefits, which are easily predictable (including pension benefits, which are statutory). But Plaintiff's first choice would be to be to be employed as a Sanitation Worker.

## POINT III

## THE EXPERT ISSUE

Again, we are dealing here with a *pro se* case where after three years, counsel came on board, during the COVID Pandemic, to conduct limited discovery of the City. There was clearly

"substantial justification" for the lack of a Rule 26 statement, and not a word about it from the City over the prior six years of this litigation.[1] Should the jury return a verdict in Plaintiff's favor, and should the Court determine economic damages, the parties could, thereafter, discuss expert reports with the Court. If no expert is allowed, testimony requiring fairly simple math will be able to establish lost wages and their impact on pension benefits, as well as future earnings and lost benefits.

## POINT IV

## PLAINTIFF IS NOT PRECLUDED FROM SEEKING EMOTIONAL DISTRESS DAMAGES

The *Pro Se* Complaint form (See Docket No. 36), which the Clerk's Offices uses in Employment Discrimination actions, which contains a list of possible relief, does not actually allow a plaintiff to check off "emotional distress damages." A *pro se* complaint is to be read liberally, *Branum v. Clarke*, 927 F.2d 698 (2d Cir. 1991), and should not be read here so as to preclude all damages (if the City's *In Limine* motions are granted), even if the jury finds in his favor, which would be the result of granting Defendants' two *in limine* motions.

## POINT V

## DISCUSSION OF INDEMNIFICATION OR WORDS "COUNSEL FOR THE CITY" OR "CORPORATION COUNSEL"

The City of New York remains in this case as a Title VI Defendant. We do not understand how their attorney should be characterized.

[1] We should note that until the summary judgment motion was decided, the economics of this pro bono case made employment of an expert, prior to now, a difficult proposition.

## **POINT VI**

## **PLAINTIFF'S MILITARY SERVICE IS WHOLLY RELEVANT**

Plaintiff's military service played a role, under NYC Civil Service regulations, in getting him called for the job. Part of his experience, before the day he lost his appointment, was being required to verify his Veteran's Credits. Plaintiff has no plan to go into detail about where he served or what metals he received, but Exhibit 10, a form related to medical service, was part of the hiring process.

## **POINT VII**

## **DISMISSED CLAIMS**

Plaintiff does not understand what evidence Defendant is referring to here. He has consistently set out one set of facts and given them different labels. With respect to the Section 1981 claim, it is unclear why evidence of two white workers being treated differently would not support the Title VII, State HRL or City HRL claims.

## **POINT VIII**

## **AN INSTRUCTION REGARDING EMOTIONAL DISTRESS IS PREFERABLE TO A BAR ON ANY NUMBER BEING SUGGESTED BY COUNSEL**

Counsel for Defendants, relying on *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003 (2d Cir. 1995), argues that Plaintiff's counsel should be precluded from suggesting a sum to the jury for compensating damages. But *Consorti* was overruled indirectly by the Supreme Court in *Gasperini v. Center for Humanities*, 518 U.S. 415 (1996), causing it to remand *Consorti*. See *Consorti v. Owens-Corning Fiberglass Corp.*, 518 U.S. 1031 (1996).

In *Johnson v. City of New York*, 593 F.Supp.3d 58 (S.D.N.Y. 2022), Judge Ramos held that "[A]s long as prejudice does not result, [i]n arguing to a jury, counsel must properly have

some latitude," citing *Schwartz v. N.W. Airlines, Inc.*, 275 F.2d 846 (2d Cir. 1960), and *U.S. v. Richter*, 826 F.2d 206, 209 (2d Cir. 1987). Since Plaintiff's emotional distress is of a "garden variety," and no medical witnesses or experts are being called, counsel's suggestion of a number is entirely appropriate. The submitted jury instructions should be sufficient.

## CONCLUSION

For the reasons stated above, the Motions *In Limine* should be denied.

Dated: New York, New York
August 14, 2023

ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS
*Attorney for Plaintiff*

By: */s/ Arthur Z. Schwartz*
Arthur Z. Schwartz
225 Broadway Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com