UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____                     │
│ DATE FILED:    8/28/2023                  │
└─────────────────────────────────────────┘
```

STANLEY TAYLOR,

                Plaintiff,

-against-

CITY OF NEW YORK (DEPARTMENT OF SANITATION), and NANCY A. REILLY,

                Defendants.

17-cv-1424 (MKV)

ORDER MEMORIALIZING
RULINGS ON
MOTIONS *IN LIMINE*

On August 24, 2023, the Court held a Pretrial Conference in this matter and issued rulings from the bench on a number of motions *in limine*.  This Order briefly summarizes those rulings.

**A.  The Sole Claim for the Jury is the Title VII Claim Against the City.**

In their motions *in limine* [ECF Nos. 127, 128 ("Def. MIL")], Defendants asked the Court to dismiss the case against Defendant Nancy A. Reilly on the ground that there is no individual liability under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. MIL at 3.  In his opposition brief [ECF No. 132 ("Pl. MIL Opp.")], Plaintiff pointed out that Defendants had failed to seek dismissal on this ground in either their motion to dismiss, or their motion for summary judgment.  Pl. MIL Opp. at 1–2.  Plaintiff also argued that he still had claims against Reilly under the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

The Court ruled that the only claim that can go before the jury is Taylor's Title VII claim against the City.  The Court admonished Defendants for failing to seek dismissal of the Title VII claim against Reilly sooner.  However, there is no individual liability under Title VII.  *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010).  As such, it would be reversible error to instruct the jury that it could find Reilly liable under Title VII.

Moreover, Plaintiff does not have claims—against Reilly or the City—under the NYSHRL and NYCHRL.  The Amended Complaint [ECF No. 25 ("AC")] asserts federal claims only.  In that pleading, Taylor did not elect to assert claims under the NYSHRL and NYCHRL.  *See* AC at 4.  The Court's careful review of the record confirms that the Amended Complaint is the operative pleading.  It superseded the original complaint, which did assert claims under the NYSHRL and NYCHRL [ECF No. 2], and the Amended Complaint was never superseded by a later pleading.  Taylor once filed a document he labeled a second amended complaint, which added claims under the NYSHRL and NYCHRL [ECF No. 36].  However, when this case was assigned to Chief Judge Swain, she ruled that she was construing the filing as a motion for leave to amend that would need to be briefed [ECF No. 42 at 1–2 n.1].  Chief Judge Swain set a briefing schedule [ECF No. 43].  But Taylor "declined" to pursue further amendment [ECF No. 47].  As such, all of the discovery was based on the Amended Complaint [*see* ECF No. 47], and this Court's decision on summary judgment was based on the Amended Complaint.  The City is the only defendant in this case, and the Title VII race discrimination claim is the only claim.

**B. The Parties Agree that the Jury Should Not Decide Economic Damages, and the Parties Consent To Proceed Before the Magistrate Judge for the Determination of Any Award of Back Pay and Front Pay.**

In its MIL, the City argued the Court must reserve for itself the determination of any award of back pay and front pay damages, citing authority that, under Title VII, "lost wages awards such as back pay and front pay are equitable remedies" to be determined by the Court.  MIL at 4.  The Second Circuit has held that a plaintiff generally is not entitled to a jury determination on back pay and front pay.  *See Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005); *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001).  In his opposition brief, Taylor agreed that any award of back pay and/or front pay should be determined by the Court after the

jury trial.  Pl. MIL Opp. at 2.  On the record at the Pretrial Conference, the parties agreed that, if

the jury finds the City liable under Title VII, the parties will proceed before the Magistrate Judge

for a final determination (not a report and recommendation) of the amount of any award of back

pay and front pay damages [ECF No. 133].

Plaintiff stated in his opposition brief that, in addition to back pay damages, he prefers that

the Court issue an order requiring the Department of Sanitation ("DSNY") to hire him, rather than

any award of front pay.  Taylor is correct that an order requiring a plaintiff's hiring or reinstatement

is a form of equitable relief available under Title VII.  *See* 42 U.S.C. § 2000e–5(g)(1); *Reiter v.

MTA New York City Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006).  **The Court reserves decision**

**on whether to order the City to hire Plaintiff for a position at DSNY.**  If the Court declines to

order such relief, the Magistrate Judge will determine the amount of any front pay.  The Court

leaves it to the Magistrate Judge to rule on the City's arguments that: (1) Plaintiff failed to mitigate

his damages, (2) Plaintiff failed to produce evidence of his lost income during the discovery, and

(3) any front pay damages would be unduly speculative.  MIL at 5–11.

## C. Plaintiff May Not Call an Expert on Economic Damages.

The Court ruled on the record at the Pretrial Conference that, for the reasons set forth below,

Plaintiff cannot call an expert on economic damages.

In its MIL, the City asked the Court to preclude Plaintiff from calling an expert on

economic damages.  MIL at 11–14.  Plaintiff, who has had counsel since the end of 2020, informed

the defense for the first time on July 28, 2023 of his intention to call an expert on wage and pension

loss.  When the parties filed their pretrial submissions on August 7, 2023, Plaintiff still had

not identified his proposed expert by name [ECF No. 129 at ¶ 9(d)].

Before the motion for summary judgment in this case, the Court reopened, and repeatedly extended, discovery after Plaintiff's current counsel appeared [ECF Nos. 85, 88, 90].  Plaintiff should have noticed an expert witness during that discovery.  There was no excuse for his late notice, which is prejudicial.

**D.  The Court Declined To Preclude Emotional Distress Damages.**

The City asked the Court to preclude Taylor from seeking damages for emotional distress. MIL at 15.  The City's only argument was that Taylor did not request emotional distress damages in the original complaint or the Amended Complaint.  Taylor was *pro se* at the time.  And he asked for "unspecified monetary damages" in the Amended Complaint.  AC at 6.  As such, construing the *pro se* pleading liberally, the Court declined to preclude Taylor from seeking damages for emotional distress.

**E.  Plaintiff May Refer to Defense Counsel as the "City's Attorneys."**

The City asked the Court to preclude Plaintiff from referring to defense counsel as "City Attorneys" and from arguing that the City will indemnify Reilly.  MIL at 15–16.  Reilly is out of the case, so there is no indemnification issue.  The Court ruled that it would not confuse the jury to refer to attorneys for the City as City Attorneys.

**F.  Taylor May Introduce Relevant Evidence Related to his Military Service.**

The City asked the Court to preclude Taylor from introducing evidence of his prior military service, arguing that such evidence would be unfairly prejudicial to the City.  MIL at 16–18.  Taylor responded that the only evidence he seeks to introduce is relevant to the case and represented that

he has no plans to delve into the details of his service. Pl. MIL Opp. at 5. The parties' dispute

concerned Plaintiff's Exhibit 10, a form entitled "Request To Withdraw Veterans Credits."

Taylor can introduce the form insofar as it is relevant to prove that he was qualified for the

position of sanitation worker and filled out forms that he was asked to and required to fill out. The

Court notes that the City submitted a proposed Defense Exhibit E that relates to Veterans Credits.

The Court rejects the City's position that the City may introduce or refer to Plaintiff's prior military

service but Plaintiff may not do so.

## G. The Purported White Comparators

In its MIL, the City asked the Court generally to preclude Taylor from introducing evidence

that supports only claims that have been dismissed. MIL at 18–19. Plaintiff responded that he did

not know what evidence the City had in mind. Pl. MIL Opp. at 5. At the Pretrial Conference, it

became clear that the City sought to preclude Taylor from mentioning at trial two purported white

comparators whom, Taylor asserts, had failed to complete a Comprehensive Personnel Document

("CPD") but were hired nonetheless.

In its Opinion on summary judgment, the Court stated in a footnote that, at that stage of

the case, Taylor had "offer[ed] no information" about whether "two unidentified white individuals"

had "ultimately completed their forms or were employed by DSNY" [ECF No. 117 ("Op.") at 9

n.4 (citing Pl. 56.1 ¶¶ 48, 49, 50)]. The Court explained that there was, therefore, no basis for the

Court "to infer that these white candidates were similarly situated to Taylor but were treated more

favorably than Taylor." Op. at 9 n.4 (citing *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64

(2d Cir. 1997)). In other words, on summary judgment, Taylor had not offered evidence of white

comparators in support of his Title VII claim. However, the Court did not dismiss any claims on

this basis. Rather, the Title VII claim survived without such evidence.

At the Pretrial Conference, Plaintiff represented that he did not intend to mention purported white comparators in his opening statement to the jury and had not decided whether to introduce any such evidence during the trial. The Court informed the parties that it would review its Opinion before ruling on the City's motion to preclude any evidence of purported white comparators. **The Court declines to preclude such evidence.** If Taylor chooses to testify that he believes two white men failed to complete CPDs but were hired nonetheless, the City's recourse is to test the reliability of that belief in the crucible of cross-examination. As noted above, Plaintiff agreed not to mention any purported white comparators in his opening statement, and the Court expects Plaintiff to abide by that commitment.

### H. The Court Reserves Decision on Whether Taylor May Request a Dollar Amount in Emotional Distress Damages from the Jury.

In its MIL, the City asked the Court to preclude Taylor from asking the jury to award him a specific dollar amount in damages for emotional distress. At the Pretrial Conference, the Court ruled that Plaintiff may not mention a specific dollar amount in emotional distress damages during his opening statement to the jury. The Court reserves decision on whether Plaintiff may request a specific dollar amount at the end of the trial.

**SO ORDERED.**

Date:  **August 28, 2023**                               _____
      **New York, NY**                               **MARY KAY VYSKOCIL**
                                                 **United States District Judge**