UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF NEW YORK

---------------------------------------------------------------x

STANLEY TAYLOR

Plaintiff/Movant

-against-

THE CITY OF NEW YORK (NEW YORK CITY DEPARTMENT OF SANITATION, NANCY REILLY et. al.,

Defendant/respondent.

---------------------------------------------------------------x

17-CV-1424 (MKV)
Memorandum of law in support of motion to vacate void judgment Pursuant to F.R.C.P 60 (b) [4]

RECEIVED
SEP 10 2024
PRO SE OFFICE

Plaintiff/Movant's Memorandum of law with points and authorities in support summary motion.

POINT - 1

The jury Instruction for discrimination trial was not instructed to the jury according to proper elements of Title vii for a discrimination suit and it was necessary to do so, for the purpose of the jury to return a just and valid verdict under the law while determining evidence.

1. on the verdict sheet; at question number one, will show as "exhibit B" is the crux of the jury's purpose and ground for returning the verdict sought to be vacated by herein movant. This question would be what was the tool of the jury for returning a verdict as an out come on the question before the court.
2. The herein exhibit (B) "Verdict sheet" is set forth in an ambiguity so vague that the ability of the jury to render a just verdict is non - existent. The "exhibit – B" verdict sheet, instructed the jury in the following vague ambiguity: . . .

"Has plaintiff proven by preponderance of the evidence that the defendant city of New York intentionally discriminated against him by denying him employment because of his race".

3. There had never arisen a time during the pretrial process of this case where defendant's draft had been established as not establishing a prima facie case and cause of action under the discrimination law.

PLAINTIFF/MOVANT'S PREMA FACIE CASE

In McDonald Douglas Corp. v. Green, 411 U.S. 792; It is clearly states in part: . . .

"The Complainant in a Title vii trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that despite his qualifications, he was rejected and the employer continued seek applicants from applicant from persons of plaintiff's qualifications. . . : the burden then must shift to the employer to articulate some legitimate nondiscriminatory reason for the employees rejection" . . . as herein stated in part.

POINT – 2

'Defendant/Respondent's Trial evidence for legitimizing the act herein charged with pursuant to the title vii discrimination law is that plaintiff/Movant fail to compete an online P.D.F. form and was obligated to do so was not the subject for contestation for trial for determining its corroboration with Defendant's claim for relief and was not.

1. The herein movant's claim in the complaint had been based on the disparate treatment theory, as herein movant is an individual, making and individual claim of objective based discriminatory

treatment concerning race. (in McDonnell Douglas Corp. v Green, 411 U.S. 792 (1973) and Texas Dept. of community Affairs v. Burdine, 450 U.S. 284 (1981).

2. "Several federal courts decisions have dealt with the evidentiary standards that apply when an individual alleges that an employer had treated that particular person less favorable than others because of plaintiff's race, color, religion, sex, or national Origen. In such disparate Treatment cases, which involve the most easily understood type of discrimination. (See Texas Dept. of community Affairs v Burdine, 450 U.S. at 255; Note 8.)"

POINT – 3

Order that the "void jury verdict" be permanently vacated as a nullity in law.

3. The herein jury trial verdict sought to permanently vacated is void law and a determination made on the evidence in order to determine the existence of a genuine statutory claim under title vii for discrimination. Without proper legal instruction to the jury, such use of law in the true interest of justice had been at all time absent from the trial. In (207 Ill. App. 3d 279, 565 N/E. 2d 724 (2nd Dist. 1964), which states in part . . . if the order (Verdict) is void, it may be attacked at any time in any proceeding (Evens v. Corporate Services, 207 Ill. App. 3d 297, 565 N.E. 2d 73, 77 (1st Dept. 1964).

4. It never ceases to be an axiomatic quality amongst the common law and constitutions of the Several States and their courts, ("That judgment is void and may be attacked at any time in the same or any other court, by parties or persons who is affected thereby . . . it is also clear and will established law that a void order (judgement) can be challenged in any court at any time People v Wade, Ill. 2d %06 N.E. 2d 954 (1989).

5. In the case of Nix v. WLCY Radio/Rahall Communications, 738 F2d 1181, 1187 (11 Cir, 1984); . . .

6. . . . "An employer may fire an employee for a good reason, a bad reason, based on erroneous facts for no reason at all as long as it's action is not for a discriminatory reason. At least one Circuit Court has found that it is erroneous not to give some type of business judgment instruction. See Stimmons v Missouri Department of Corrections, 82 F. 3d 817, 819 (8th Cir1996)."

POINT – 4

The trial lacked in Due process where void of evidence

7. ("A judgement rendered without due process of la is void") Murry v. Hoboken Land & improvement Co. (1855), 59 U.S. 272, 274

("A void judgment is no judgement at all.") Windsor v. McVeigh, (1876) 93 U.S. 274, 277

("A trial without due Process is a nullity"), FRANK V. Mangum (1915) 237 U.S. 309, 334

("A judgment denying due process is void"), More v. Dempsey, (1923) 261 U.S. 86, 91

8. A trial not determined on the bases of the elements of the charge is without Full faith and Credit and as such cannot stand as res judicata, as an axiomatic standard of constitutional law. In the case of Henderson v. Southern pacific Co., in (1931) cited 283 U.S. 91, 95 ("A judgement without due process is void and cannot stand as res judicata"). In Baldwin v. Iowa state Traveling Mens's Ass'n, In (1934) 293 U.S. 52, 55 ("A judgment not based on the elements of the charge is without Full Faith and Credit.").

# EXHIBIT "A"

2 Pages Related To Me not

Doing The CPD Because I was Already A City employees.

So I was Hired, Never Resigned Never Terminated. Just Never was Able To Take I.D. pictures for I.D. To Be Despatched To A work Site Like others That were [illegible] Simular Situation.

I was given an update To do Because I was presently A City employee, Never got A Rejection letter from City on 1-3 letter

# EXHIBIT "A"

# City of New York
# Comprehensive Personnel Document (CPD-B)

**Read Section I of the CPD (B) Applicant Guidelines Before You Complete This Application.**

- If you are a current city employee or a prior city employee separated from NYC less than one year ago and there is a fully completed Personal History Questionnaire (PHQ) or Comprehensive Personnel Document (CPD) in your Personnel Folder (TPF), this form may not be required. Instead complete an Update Personnel Document (UPD.)
- Type or print clearly **In BLACK INK**
- **Any false statements made herein can subject you to disqualification from employment even following your appointment and/or from any future employment, as well as criminal prosecution which can result in conviction of a misdemeanor, incarceration of up to one year, and/or a fine up to $1000.**
- Each page must be initialed and you must count the number of pages you have completed (including supplementary data sheets) and provide that information on page 20.

## I. BASIC INFORMATION

Position, trade license or certificate you are applying for:

| | | | |
|---|---|---|---|
| Last Name | | First Name | MI |
| Social Security Number | | Date Of Birth | M M D D Y Y |

List below any other name(s) you may have been known by. (This includes maiden name.)

| | | | |
|---|---|---|---|
| Last Name | | First Name | MI |
| Last Name | | First Name | MI |

List below any other Social Security Number you have used and effective date.

| | | | |
|---|---|---|---|
| Social Security Number | | Effective Date | M M D D Y Y |
| Social Security Number | | Effective Date | M M D D Y Y |

| | |
|---|---|
| Current Street Address | |
| City or Town | |

| | | | |
|---|---|---|---|
| State | | Zip Code | |
| Home Phone | | Work Phone | |

For assistance, see CPD (B) Applicant Guidelines, page 13

Applicant's Initials

Agency Use Only:

**THIS SECTION IS TO BE COMPLETED BY THE APPLICANT - USE BLACK INK**

This is an update of information in your personnel folder since you last completed a Personal History Questionnaire (PHQ), a Comprehensive Personnel Document (CPD) or a previous Update Personnel Document (UPD). In completing this document, if you find it necessary, you may ask to review your completed PHQ or CPD and any UPDs/Data Sheets in your personnel folder. Where specified, answer YES (Y) if information has changed since your last completed PHQ/CPD/UPD(s). For any YES answers on this document, you may be provided with information or instructions by your personnel office. You may be required to complete Data Sheets or additional forms. You must complete the Employment Data Sheet (DS-10) so that your last position with the City, as well as any secondary or self-employment that you may have held, is recorded and made part of your personnel folder. You must also complete the Authorization For Release of Information (DS-12). If the position requires a driver's/trade/professional license, you must complete the Licenses Data Sheet (DS-11). Your personnel officer will provide these Data Sheets to you. To answer questions 2 and 7, read Section I of the UPD(B) Applicant Guidelines.

YES(Y) NO(N)

## APPLICANT UPDATE PERSONNEL QUESTIONS:

1. Since you last completed a Personal History Questionnaire (PHQ), Comprehensive Personnel Document (CPD) or Update Personnel Document (UPD), has your name, address, or telephone number changed?

2. (a) Are you a resident of New York City; or (b) Are you a nonresident of New York City (NYC) who is required to move into NYC, or (c) Are you a nonresident of New York City (NYC) who is not required to move into NYC? To answer, you must read Section I.A in the UPD(B) Applicant Guidelines.

3. (a) Since you last completed a PHQ, CPD or UPD, has there been a change your eligibility to work in the United States (e.g., reissuance or requirement of reissuance of a work permit; issuance of a Resident Alien Card; naturalization)? NOTE: For employees employed on the basis of a work permit, any change in position requires a new work permit.
(b) If this title requires American citizenship, are you a U.S. citizen? If American citizenship is not required, print N/A (Not Applicable) in the following space. ______ If YES, see UPD(B) Applicant Guidelines, Page 15.

4. Since you last completed a PHQ, CPD or UPD, have you served in the Armed Forces of the United States? (You should also answer YES (Y), if you have not previously provided information on a PHQ, CPD or UPD regarding the receipt of an Expeditionary Medal for military service in Lebanon, Grenada or Panama.)

5. Since you last completed a PHQ, CPD or UPD, (a) have you been convicted of an offense anywhere (see note below), and (b) are any criminal charges pending against you; (c) if, in your new position, you will be designated a Firefighter, Police Officer or Peace Officer (including Special Patrolman), have you had ANY arrests during your lifetime that did not result in a conviction? Under (c), if you will not be designated a Firefighter, Police Officer or Peace Officer (including Special Patrolman), print N/A in the following space. ______

**NOTE: Offenses include felonies, misdemeanors and violations. A plea of guilty is a conviction even if you were never imprisoned, only paid a fine, were conditionally or unconditionally discharged, or received a Certificate of Relief from Disabilities. Except for Firefighter, Police Officer or Peace Officer (including Special Patrolman) applicants, you DO NOT have to disclose any material sealed, expunged, or set aside under Federal or State law, or juvenile delinquent or youthful offender adjudications. You are not considered a youthful offender just because of your age at the time of the offense. Only a court can determine youthful offender status. (If you are unsure whether you were considered a youthful offender, answer YES (Y) and provide details on Data Sheet DS-5.**

**A conviction record or pending criminal charges will not necessarily disqualify you from the position for which you are applying. If you list convictions or pending charges, you may state facts in favor of your employment on the Data Sheet. These facts will be considered when the investigator reviews your case.**

**You are responsible for listing all offenses, as outlined above, which were not stated in a previous PHQ, CPD or UPD. Do not include traffic violations. If necessary, you may request to review your previous PHQ/CPD/UPD(s).**

6. Since you last completed a PHQ, CPD or UPD, have there been any changes in your education?

7. In addition to assuming a position for which this application is being completed, are you continuing employment with another City agency or other governmental agency or jurisdiction? To answer, you must read Section I.B in the UPD(B) Applicant Guidelines. (NOTE: If both employers are mayoral agencies, DCAS approval is required.)

8. Are you a retiree from any retirement system administered by New York State or any of its political subdivisions (i.e., state, county, or municipality)? If YES, see UPD(B) Applicant Guidelines, Page 18.

9. Are you being appointed to a position in a new agency and requesting a leave of absence from your permanent civil service list title? (Note: If you are changing agencies and have previously been granted such a leave of absence, you must now request a new leave from your original agency.)

***AFFIRMATION:***

*By signing my name below, I acknowledge that my appointment or promotion depends upon my full cooperation in investigation and my meeting all applicable qualifications including medical and residency, as provided by the Civil Service Law or other applicable laws, the Personnel Rules and Regulations of the City of New York, the Notice of Examination or Class Specification, and the NYC Charter/Administrative Code/Mayoral Directive on Residence. I understand that a false statement or intentional omission of any material fact may cause me to be disqualified, even following appointment, and may lead to prosecution. I further understand that if I have been selected for appointment from a civil service list, I have the right to request that my investigation be completed before appointment. If such an investigation has not previously been requested and completed, I waive that right. I also acknowledge that my employment is subject to the satisfactory completion of any applicable probationary period.*

*By signing below, I affirm, under the penalties of perjury, that I have read the instructions/information on this questionnaire and Section I of the UPD(B) Applicant Guidelines including NYC Charter Section 1127, all of which are incorporated by reference and made a part of this document. I understand the requirements and conditions stated and agree to be bound by them. I have personally completed this questionnaire, and that everything I have written within is, to the best of my knowledge and belief, true and complete. IF THIS ACTION IS PAYROLLED IN THE CITY'S PAYROLL MANAGEMENT SYSTEM (PMS), I AUTHORIZE THE PAYROLL DEDUCTION OF THE REQUIRED PERSONNEL PROCESSING FEE.*

*SIGNATURE:* ______ *DATE:* 24 Sep 15

*NAME (PLEASE PRINT):* ______

DP-2480 UPD(B) (R. 12/97)

CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES
ONE CENTRE STREET, 21ST FLOOR, NEW YORK, NEW YORK 10007
UPDATE PERSONNEL DOCUMENT (UPD)
THIS PAGE FOR HIRING AGENCY USE ONLY- TYPE OR PRINT IN BLACK INK

I. APPLICANT NAME: Taylor (LAST) Shaw (FIRST) M.I.

SOCIAL SECURITY NUMBER: 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

II. AGENCY REVIEW OF TPF DOCUMENTS

ATTACHMENTS: APPROVAL[X]² ☐ PROCESSING FEE [MARK ONE (X)] ☐ NOT WAIVED ☐ WAIVED

NO NEW CONVICTION RECORD/DEROGATORY INFO. [X]____

PHO/CPD/UPD/DATA SHEETS/DP-69, I-9/ DOCUMENTS ETC. SENT TO DCAS FOR REASON BELOW:
NEW[X]:____ PRIOR[X]:____ CONVIC. RECORD[C], DEROGATORY INFO[D], BOTH[B]:____

PRINTS SENT TO DCAS:____ LAW ENFORCEMENT TITLE [X]:____

POSITION SUBJECT TO DOI FINGERPRINTING [X]____

III. INFORMATION ABOUT PREVIOUS CITY EMPLOYMENT:
FOR SERVICE BREAK, DATE LAST EMPLOYED BY NYC (MUST BE LESS THAN ONE YR.-PRINT N/A IF NO BREAK): ____ (MM DD YY)

PRIOR AGENCY:____ PRIOR TITLE:____ PRIOR TITLE CODE:____

PRIOR STATUS [C,J,N,L,X,U]³:____ CURRENT PERM. LEAVE TITLE CODE³:____

IV. DOES THIS POSITION REQUIRE KEYBOARD OR STENO SKILLS? YES/NO____
If yes, tested keyboard speed____(wpm/keystrokes) Number of errors:____ Pass [y/n]:____
tested steno speed____(wpm) Number of errors:____ Pass [y/n]:____

V. INFORMATION ABOUT NEW POSITION TO BE FILLED: PREAUDIT[X]:____ POSTAUDIT[X]⁴:____ N/A[X]²:____
AGENCY:____ AGENCY CODE:____ APPT. D____
TITLE:____ TITLE CODE:____ (MM DD YY) SALARY:____ *
SELECTIVE CERT. ASSIGN [Y/N] ☐ SPECIALTY____ *[ANNUM(A), DAY(D), HOUR(H)]
LESS THAN TWENTY HOURS/WEEK [Y/N]:____ PROCESSING FEE WAIVED [Y/N]:____

VI. APPOINTMENT CATEGORY:
CIVIL SERVICE LIST (LIST APPT. OR RULE 5.4.1 B/C)⁵:
OC[X]:____ PROMO[X]:____ EXAM #:____ GROUP #:____ LIST #:____ VP[X]____ DVP[X]____

PROVISIONAL/TEMPORARY/SEASONAL:

NEW APPOINTMENT[X]⁶:____ OR PROMOTION/STEP-UP[X]⁷:____ OR CONTINUOUS SERVICE[X]⁸:____

RULE NO.:____ PER DIEM/PER HOUR [X]:____ LIST IN EXISTENCE [Y/N]:____

RULE 5.4.2(A) LOA INFORMATION REGARDING EMPLOYEE ON LEAVE:

NAME:____ SSN:____ LEAVE DATES:____ TO____ (MM DD YY) (MM DD YY)

NONCOMPETITIVE: WITH/WITHOUT REQ.[X]:____ (CSL 55-a) OR RULE 3.2.10[X]:____ (OUT OF CITY) OR RULE 3.2.11[X]:____

EXEMPT[X]:____ EXEMPT POSITION NO.:____ EXEMPT FORMER INCUMBENT:____

LABOR[X]:____ UNCLASSIFIED[X]____

VII. 1. Print prior name (e.g., maiden name) beneath APPLICANT NAME.
2. APPROVAL: For nonmayorals, postaudits and list actions, indicate N/A. List approvals required at the time of Cert. request.
3. PRIOR STATUS and CURRENT PERM. LEAVE TITLE CODE: Not required for any break in service. If break, print N/A.
4. POSTAUDIT: For postaudit actions, print basis of postaudit status above POSTAUDIT.
5. For 5.4.1(b)/(c), do not check O.C. or PROMO., Indicate EXAM/GROUP/LIST # and RULE NUMBER.
6. NEW APPT.: Where service break is less than one year.
7. STEP-UP: Provisional promotion one level above permanent title in same occupational group and agency.
8. CONT. SERV.: Provisional appointment, which is not a step-up, where there is no break in service.

PERSONNEL OFFICER AFFIRMATION:
*Knowing the provisions of Section 95 of the Civil Service Law and with full knowledge of the responsibility and liability placed upon me thereby, I certify that this appointment is made properly under the category checked above; that based upon the documents and information submitted, the above-named individual meets the minimum qualification requirements for this title; and I believe the statements to be true.*

SIGNATURE(S) OF APPOINTING OFFICER(S) / INSTITUTIONAL EXAMINER ____ TITLE ____ TELEPHONE NO. ____ DATE ____

DP-2480-UPD(A) (R.12/97)

(continued on reverse)

# EXHIBIT "B"

DRAFT 9.7.2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

STANLEY TAYLOR,

Plaintiff,

-against-

THE CITY OF NEW YORK (NEW YORK CITY DEPARTMENT OF SANITATION) et al.,

Defendant.

---------------------------------------------------------------------------- x

**VERDICT SHEET**

17-cv-1424 (MKV)

**Question 1:**

Has plaintiff proven, by a preponderance of the evidence, that defendant City of New York intentionally discriminated against him by denying him employment because of his race?

Yes _________ No _________

*If you answered "yes" to question 1, continue to question 2. If you answered "no," your deliberations are finished. Sign and date the verdict sheet and return it to the Marshal.*

**Question 2:**

Has plaintiff proven by a preponderance of the evidence that he suffered injury in the form of emotional distress as a result of being discriminated against?

Yes _________ No _________

*If you answered "yes," continue to question 2 (a).*

(a) If you answered "yes" to question 2, state the dollar amount of compensatory damages plaintiff has proven he is entitled to for the emotional distress that was proximately caused by defendant:

$______________

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY TAYLOR

Write the full name of each plaintiff.

17 CV 01424

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☒ Yes ☐ No

CITY OF NEW YORK (DEPARTMENT OF SANITATION) DSNY

NANCY A. REILLY, HUMAN RESOURCES DIRECTOR

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

AMENDED ☒

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

STANLEY TAYLOR
First Name Middle Initial Last Name

81 NORTH PORTLAND AVENUE #12H
Street Address

BROOKLYN N.Y. 11205
County, City State Zip Code

(212) 365-4390
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: CITY OF NEW YORK (DEPARTMENT OF SANITATION) -DSNY-
Name
59 MAIDEN LANE, Fifth Floor
Address where defendant may be served
NEW YORK, NEW YORK 10038
County, City State Zip Code

Defendant 2: NANCY A. REILLY HUMAN RESOURCES DIRECTOR (DSNY
Name
59 MAIDEN LANE, 5TH Floor
Address where defendant may be served
New York New York 10038
County, City State Zip Code

Defendant 3:

Name

Address where defendant may be served

County, City | State | Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

CITY OF NEW YORK (DEPARTMENT OF SANITATION) DSNY

Name

59 MAIDEN LANE, FIFTH FLOOR, (5TH FLOOR)

Address

NEW YORK | New York | 10038

County, City | State | Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☑ race: __________

☑ color: __________

☐ religion: __________

☐ sex: __________

☐ national origin: __________

☑ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: AFRICAN AMERICAN

☑ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ________________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☑ did not hire me
- ☑ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☑ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☑ other (specify): I WAS HIRED NEVER fired NEVER Resigned.

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? July 7th, 2016

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? 11-30-16

When did you receive the Notice? 12-03-16

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☒ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

U.S. DISTRICT COURT S.D.N.Y.
19 APR 19 PM 11:29
RECEIVED

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

28 August 2018 — Dated
[signature] — Plaintiff's Signature

Stanley — First Name
Middle Initial
Taylor — Last Name

81 North Portland Avenue #12H — Street Address

Brooklyn — County, City
N.Y. — State
11205 — Zip Code

(212) 365-4390 — Telephone Number
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.